UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUN 27 2014
AT 8:30_____M
WILLIAM T. WALSH, CLERK

-----------------------------------------------------------------X

EVAN SPENCER

                         *Plaintiff,*

**COMPLAINT FOR**

- against -

**DEPRIVATION OF RIGHTS CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

M. EBAD RAHMAN, d.b.a. FINANCE EXECUTIVE,

**Jury Trial Demanded**

NICK VLAHOS, d.b.a. PRESIDENT,

                         *Defendants.*

-----------------------------------------------------------------X

I.    Parties:

        Plaintiff EVAN SPENCER, resides at 285 AYCRIGG AVENUE, SUITE 10B, PASSAIC, NEW JERSEY 07055.

        Defendant M. EBAD RAHMAN, d.b.a. FINANCE EXECUTIVE, name and place of business at IH ENGINEERS, P.C. 103 COLLEGE ROAD EAST, 1st Floor, PRINCETON, NEW JERSEY 08540.

        Defendant NICK VLAHOS, d.b.a. PRESIDENT, name and place of business at OLYMPIC PAYROLL, 64 US HIGHWAY 46 WEST, PINEBROOK, NEW JERSEY 07058.

II.    The jurisdiction of the Court is invoked pursuant to Article. III. Section. 2., and Amendment IV, V, VII, XIV of the United States Constitution, and pursuant to Title 28 U.S.C. Section 1331, 1333 (1) (2), 1343 (A) (3) (4), Title 42 U.S.C. Section 1983, 1985 and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

III.    Statement of Claim:

### FIRST CLAIM

1. Plaintiff states that Defendants willfully and knowingly agreed not to enter into voluntary payroll deductions voluntary withholding agreement(s) with Plaintiff on February 15, 2012.

2. Plaintiff affirms these allegations under EXHIBIT "A" annexed hereto this complaint.

## SECOND CLAIM

3. Plaintiff realleges each prior allegation.

4. Plaintiff states that Defendants upon their consent willfully and knowingly failed to honor their obligations under agreement, willfully and knowingly with intent to induce and secure the personal property of Plaintiff for their own use, committed unlawful act(s) of disseized payroll deductions from Plaintiff which began on March 2, 2012.

5. Plaintiff served the Defendants with notices in writing by U.S.P.S. Certified/Registered Mail Return Receipt.

6. Plaintiff affirms these allegations under EXHIBITS "A" through "G" annexed hereto this complaint.

## THIRD CLAIM

7. Plaintiff realleges each prior allegation.

8. Plaintiff states that on June 15, 2013 requested services of notary public, of the State of New Jersey, as notary acceptor, to protest, as the administrative remedy the non-acceptance non-performance non-response by Defendants.

9. Plaintiff affirms these allegations under EXHIBITS "H" through "K" annexed hereto this complaint.

## FOURTH CLAIM

10. Plaintiff realleges each prior allegation.

11. Plaintiff states that Defendants willfully and knowingly with intent to induce and secure the personal property of Plaintiff for their own use, continued committed unlawful act(s) of disseized payroll deductions from Plaintiff, from March 2, 2012 through to the date of the filing of this complaint.

12. Plaintiff affirms that Defendants consented to all allegations herein this complaint under EXHIBITS "A" through "K" annexed hereto this complaint.

13. Plaintiff is entitled to recoupment of disseized payroll deductions.

14. Plaintiff is entitled to damages for Defendants willful unlawful act(s) against Plaintiff rights to his personal property in an amount to be determined at trial.

IV.  Remedy:

**WHEREFORE,** Plaintiff demands:

a. Judgment for relief in the sum certain of shown on EXHIBIT "G" parted evenly, jointly and severally paid between and by Defendants;

b. Judgment for relief in the sum certain of eight thousand five hundred sixteen dollars and fifty seven cents ($8,516.57) total of disseized payroll deductions thereafter date of EXHIBIT "G" through to the date of the filing of this complaint parted evenly, jointly and severally paid between and by Defendants;

c. Costs for service(s) in the amount of two hundred thirty one dollars and forty eight cents ($231.48) parted evenly, jointly and severally paid between and by Defendants equal to the total cost for service(s);

e. Damages in an amount to be determined at trial.

_June 27, 2014_
Date

_[signature]_
Sign Your Name

973-341-0862
Telephone Number